RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 4/17/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLES JONES (#415828) | DOCKET NO. 08-cv-1507; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| LA. DEPT OF PUBLIC SAFETY AND CORRECTIONS, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed by Plaintiff Charles Jones (#415228), pro se and in forma pauperis, on October 8, 2008. Jones is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is housed at Winn Correctional Center (WCC) in Winnfield, Louisiana. Plaintiff seeks $6 million dollars in compensatory and punitive damages, an injunction ordering WCC to put ladders on the bunks in the Cypress cell block, and an investigation into Dr. Pacheco's job history.

Plaintiff has named as Defendants: the Louisiana Department of Public Safety and Corrections (LDOC), Winn Correctional Center (WCC), James LeBlanc, Mona Heyse, L. Steele, Corrections Corporation of America (CCA), Tim Wilkinson, Lt. Taylor, Sgt. Rhodes, Pat Thomas, LPN Lisa Jones, Dr. Alfonzo Pacheco, Lt. Jordan, and Lt. Lang.

### FACTUAL BACKGROUND

Plaintiff alleges that, at around 4:00 a.m. on April 5, 2008,

he attempted to climb up to his top bunk after eating breakfast in his Cypress Unit cell. Because the bunk beds in that unit have no ladders, Plaintiff had to climb on the cell bars to reach his bunk. Plaintiff's foot slipped, and he fell to the ground, knocking himself unconscious. Plaintiff's cell mate, Peter Roy Alfred, threw cold water on Plaintiff's face to revive him from the fall.

The orderly collecting the breakfast trays called Sgt. Rhodes for help, but Rhodes ignored the call. Nurse Jones happened to be in the unit for pill call, and she asked Plaintiff where he was hurt. Plaintiff asked Jones for an ambulance, but Jones said "no." Plaintiff then asked for a bottom bunk pass, and Jones again said "no."

The orderly was able to inform Lt. Taylor of Plaintiff's fall. Taylor and Rhodes told Plaintiff to either get back on the top bunk or to sleep on the floor. Plaintiff asked if he could move into cell #8 because it was empty. Taylor and Rhodes simply walked away. At 7:00 that morning, Lt. Jordan told Plaintiff he could not move into the empty cell. However, two days later, Lt. Lang apparently moved the plaintiff into the empty cell anyway.

Plaintiff claims that Jones denied him proper medical care by not calling an ambulance after he fell. He alleges that Jordan, Lang, Taylor, and Rhodes are liable for making Plaintiff sleep on the floor knowing it was dangerous for Plaintiff to climb into the top bunk. Plaintiff argues that Dr. Pacheco violated his right to

medical care by refusing to send Plaintiff to a neurologist and by not ordering x-rays of Plaintiff's neck and back. Dr. Pacheco also failed to give plaintiff any pain medication or a walking cane. Plaintiff claims that Heyse and Steele refused to accept and/or respond to Plaintiff's administrative remedy procedures. [Doc. #1, 5] He claims that Pat Thomas and Warden Wilkinson are liable for the acts and omissions of their employees.

## **LAW AND ANALYSIS**

### I. **Negligence**

Plaintiff claims that he was injured through the negligence of the defendants in not installing ladders for bunk beds in the Cypress Unit. Two requirements must be met to sustain a section 1983 conditions of confinement claim. First, the alleged violation must be "sufficiently serious;" that is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Stated another way, to rise to the level of an Eighth Amendment violation, prison conditions must be so serious as to deprive an inmate "of the minimal civilized measure of life's necessities." Id. The failure of prison officials to equip Plaintiff's bunk bed with a ladder simply does not amount to a deprivation of "a minimal civilized measure of life's necessities." Id. Other cases involving similar complaints about "the vicissitudes of prison life" are uniformly in accord. Connolly v. County of Suffolk, 533

3

F.Supp.2d 236, 241 (D.Mass. 2008)(failure to provide ladders for prison bunk beds did not constitute "deliberate indifference" to rights of inmate who fell while attempting to climb to his third tier bed; county officials affirmatively weighed the benefits of equipping prison bunk beds with ladders against a perceived risk that the ladders could be converted into weapons or facilitate inmate suicides)(citing e.g., Brown v. Bargery, 207 F.3d 863, 868 (6th Cir. 2000)(the improper installation of a bunk in a cell causing an inmate to fall out of bed and suffer skin abrasions did not give rise to a viable claim under the Eighth Amendment); Osolinski v. Kane, 92 F.3d 934, 939 (9th Cir. 1996)(same, failure to repair a prison oven, the door of which fell off and burned an inmate's arm); Armstrong v. Terrebonne Parish Sheriff, 2006 WL 1968887, *6 (E.D.La. June 6, 2006)(a swivel chair is a reasonable and constitutional means of accessing the top tier of a ladderless bunk)).

At best, under these circumstances, Plaintiff asserts a tort claim, not a claim of a civil rights violation cognizable under Section 1983. The Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986). Negligence does not support a Section 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993)

4

(negligent medical care); <u>Hare v. City of Corinth</u>, 74 F.3d 633, 641-42, 646 (5th Cir. 1996)(negligence insufficient to support failure to protect claim under Section 1983); <u>Jackson v. Procunier</u>, 789 F.2d 307, 310 (5th Cir. 1986)(citing <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986); <u>Daniels v. Williams</u>, 474 U.S. 327 (1986)).

Thus, Plaintiff's allegation that the defendants are responsible for his fall because the top bunks in the Cypress Unit are not equipped with ladders is an allegation of tortious conduct, which cannot serve as the basis for a § 1983 claim. See <u>Jackson v. Procunier</u>, 789 F.2d 307, 310 (5th Cir. 1986)(citing <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986); <u>Daniels v. Williams</u>, 474 U.S. 327 (1986)). The claim should be dimissed.

## II. Medical Care

Plaintiff complains that he was denied proper medical care by the doctor and nurses at WCC. The constitutional right of a convicted prisoner to medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm resulting in injury. Mere negligence or a failure to act reasonably is not enough. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).

Plaintiff complains that the nurse should have called an ambulance for him and that the doctor should send Plaintiff to a

5

neurologist and take x-rays. Plaintiff states that his fall was "serious enough to be sent to an outside hospital." He also complains that he has not been provided with a cane or pain medication. What Plaintiff has described is a difference of opinion as to treatment, which does not give rise to a constitutional violation. See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999); Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997)("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."). His claim should be dismissed.

### III. Conditions of Confinement

Plaintiff complains that Lt. Taylor and Sgt. Rhodes told him that he could get back on his top bunk or sleep on the floor of his cell. Plaintiff says that he was forced to sleep on the floor because the danger posed by climbing into the top bunk without a ladder was too great. He does not claim to have suffered any injury as a result of sleeping on the floor.

The Fifth Circuit has explained that the physical injury required by Section 1997e(e) must be more than de minimis, but need not be significant. Alexander v. Tippah County, 351 F.3d 626, 631 (5th Cir. 2003). In Alexander, the court found that Section 1997e(e) precluded the plaintiffs from recovering for their emotional and mental injuries, when the only physical injuries they had suffered were nausea and one incident of vomiting. Id.

Similarly, in <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir.1997), the court held that a prisoner's ear that was sore and bruised for three days was merely a de minimis injury. In this case, Plaintiff has alleged <u>no</u> injury as a result of sleeping on the floor for two nights. As Section 1997e(e) provides, Plaintiff is precluded as a matter of law from recovering damages for the conditions of confinement claim.

## IV. Supervisor Liability

Plaintiff claims that Pat Thomas and Warden Wilkinson are liable as the overseer of the medical department and the prison. He also claims that they are liable for the acts and omissions of their employees. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in Plaintiff's injuries." <u>Mouille v. City of Live Oak, Tex.</u>, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." <u>Pierce v. Texas Dept. of Crim. Justice, Inst. Div.</u>, 37 F.3d 1146, 1150 (5th Cir. 1994), *cert. denied*, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." <u>Thompson v. Steele</u>, 709 F.2d 381, 382 (5th Cir. 1983), *cert. denied*, 464 U.S. 897 (1983). Plaintiff has not alleged either personal involvement or the implementation of unconstitutional policies by Thomas or Wilkinson. He presents

only claims of negligence and strict liability, which should be dismissed.

**V. Administrative Remedies**

Plaintiff claims that Heyse and Steele are liable to him for refusing to respond to or resolve his complaints. Inmates do not have a constitutionally protected right to a grievance procedure.[1] "Congress requires inmates to exhaust their administrative remedies as are available... 42 U.S.C. § 1997e(a). A prison system is not required to establish grievance procedures, and inmates do not have a basis for a lawsuit because a prison system has no established grievance procedures or fails to adhere to it. 42 U.S.C. 1997e(b)." Bradford v. Kuykendall, 2005 U.S. Dist. LEXIS 32350, 2005 WL 1521016, 5 (E. D. Tex.). Plaintiff's claim is frivolous.

**VI. Injunctive Relief**

Plaintiff seeks a Court order that Defendants provide ladders for the bunk beds in the Cypress unit. However, "Prison administrators ... [are] accorded wide-ranging deference in the

---

[1] See, e.g., Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are constitutionally mandated); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)(holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (holding prison grievance procedure does not confer substantive right on inmates; thus does not give rise to protected liberty interest under the Fourteenth Amendment); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (concluding regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding state prisoners have no legitimate claim of entitlement to grievance procedure); Reneau v. Dretke, 2006 U.S. Dist. LEXIS 6694 (D. Tex. 2006).

adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321-322 (1986)(quoting Bell v. Wolfish, 441 U.S. 520, 547 (1979)). Considerations such as whether to have bunk ladders in the Cypress Unit at WCC are within the province and professional expertise of corrections officials, and courts should ordinarily defer to their expert judgment in such matters. See id., citing Pell v. Procunier, 417 U.S. 817, 827 (1974).

As stated herein, the failure of prison officials to equip Plaintiff's bunk bed with a ladder simply does not amount to a deprivation of "a minimal civilized measure of life's necessities." Moreover, for the reasons discussed in this report, Plaintiff cannot meet the first requirement to obtain a preliminary injunction, which is a substantial likelihood that Plaintiff will prevail on the merits[2]. Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir. 1985). Emphasizing its extraordinary character, the Fifth Circuit has cautioned that an injunction "should not be

---

[2]The other requirements include: (2) a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted, (3) that Plaintiff's threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. See Planned Parenthood of Houston & Southeast Texas v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005).

granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." PCI Transportation Inc. v. Fort Worth & Western Railroad Co., 418 F.3d 535, 545 (5th Cir. 2005)(citations omitted). Also, because this case concerns prison conditions, the Prison Litigation Reform Act (the "PLRA") imposes additional restrictions on the authority to grant an injunction.[3] Because Plaintiff's complaint is frivolous and fails to state a claim for which relief can be granted, he could not prevail on the merits and is not entitled to injunctive relief.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation**

---

[3] The PLRA provides that "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs." 18 U.S.C. § 3626(a)(1). In particular, the PLRA prohibits an order granting prospective relief or a preliminary injunction unless the court first finds that such relief is: (1) narrowly drawn; (2) extends no further than necessary to correct the harm; and (3) is the least intrusive means necessary to correct that harm. See 18 U.S.C. §§ 3626(a)(1)(A), 3626(a)(2). In considering a prisoner's request for prospective relief, the reviewing court "shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system" caused by the relief and shall respect the certain principles of comity where state or local law is concerned. See 18 U.S.C. §§ 3626(a)(1)(B), 3626(a)(2).

have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 16th day of April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE